FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 11, 2023
OFFICE OF THE CLERK

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

### for the

Western District of Arkansas
Fayetteville Division

| | | |
|---|---|---|
| In the Matter of the Search of: | ) | |
| **An Apple iPhone 13 A2482 IMEI: 350108844292216, located at the Benton County Sheriff's Office** | ) ) ) ) ) | Case No.   5:23cm62 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* **An Apple iPhone 13 A2482 IMEI: 350108844292213, located at the Benton County Sheriff's Office, more particularly described on Attachment A.**

located in the _____Western_____ District of _____Arkansas_____ , there is now concealed *(identify the person or describe the property to be seized):* **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2422(b) | Attempted Enticement of a Minor |
| 18 USC 2252A(a)(1) | Transportation of Child Pornography |
| 18 USC 2252A(a)(2) | Receipt or Distribution of Child Pornography |
| 18 USC 2252A(a)(5)(B) | Possession of or Access with Intent to View Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet. **See affidavit of FBI Task Force Officer Alison Nguyen.**

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Alison Nguyen, FBI Task Force Officer**
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date:  __12/11/2023__

_____
*Judge's signature*

City and state:  Fayetteville, Arkansas

Honorable Christy D. Comstock U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**<u>Description of Property To Be Searched</u>**

The item to be searched is an Apple iPhone 13 A2482 IMEI: 350108844292216.  The item is currently in the possession of the Benton County Sheriff's Office, located at 1300 SW 14th Street, Bentonville, Arkansas.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information in Attachment B.

## <u>ATTACHMENT B</u>

## <u>Items To Be Searched For and Seized</u>

1. Evidence of violations of Title 18, United States Code, Section 2422(b) including the following:

   a. Information or correspondence pertaining to the sexual exploitation of minors or solicitation of such for sexual activity, including any and all information such as e-mail, chat logs, text messages, etc. related to the online enticement of a minor, including but not limited to:

   b. Correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, text messages, establishing possession, identity of individuals (including Contact lists), access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of transfer or attempted transfer of obscene material to a minor;

   c. Any and all chat log, text messages, email, or any type of communication in any form that is related to the transfer or attempted transfer of obscene material to a minor

   d. Including messages sent to individuals discussing the sexual assault or desire to sexually assault minors or discussion of online posts regarding images of child pornography.

   e. All communications and files with or about potential minors involving sexual topics or in an effort to seduce the minor or send the minor pictures and or videos of sexually explicit conduct.

   f. Records evidencing ownership of the items seized, including in and all lists of names, telephone numbers, addresses and contacts, and the content of voice mails and text messages and internet based applications including but not limited to:

      i. All records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider (ISP), cell phone service provider, or electronic service provider, as well as all records relating to the ownership or use of the computer equipment or electronic devices.

      ii. All records which evidence operation or ownership or use of computer or electronic equipment or devices, including, but not limited to, correspondence, sales receipts, bills, financial records, tax records, personal photographs, telephone records, notebooks, diaries, reference materials, or other personal items, and registration information for any software on the computer or device

2

2. Evidence of violations Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt or Distribution of Child Pornography; and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of or Access with Intent to View Child Pornography including the following:

   a. Images of child pornography, including any and all digital images stored on the device, and files containing images of child pornography in any form wherever it may be stored or found including, but not limited to:

      i. any and all computer hardware and software capable of storing, accessing, sending or receiving digital information, computer system, computer tablet, smart phones, micro SD cards, and related peripherals, or any other device capable of accessing the internet and/or storing digital data; tapes, cassettes, cartridges, streaming tape, commercial software and hardware, internal or external storage devices, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drive and other computer related operation equipment, digital cameras, scanners, computer photographs, Graphic Interchange formats and/or photographs, undeveloped photographic film, slides, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG), and any electronic data storage devices including, but not limited to cellular telephones, hardware, software, diskettes, backup tapes, CD-ROMS, DVD, Blue Ray players, Flash memory devices, and other storage mediums; any input/output peripheral devices, including but not limited to passwords, data security devices and related documentation, and any hardware/software manuals related to or used to: visually depict child pornography; contain information pertaining to the interest in child pornography; and/or distribute, receive, or possess child pornography, or information pertaining to an interest in child pornography, or information pertaining to an interest in child pornography;

   b. any and all applications (apps) containing visual depictions of minors engaged in sexually explicit conduct or involving the physical description of sexual activity involving minors or related to enticement or coercion;

   c. originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

   d. motion pictures, films, videos, film negatives, digital or print copies, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; or related to enticement or coercion.

   e. Information or correspondence pertaining to the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or online enticement, that were transmitted or received using

computer or any internet capable device, or any other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail including, but not limited to:

   i.   envelopes, letters, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or relating to online enticement or coercion; and

   ii.   books, records, and any other written or digital information bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to online enticement or coercsion;

3.  Any and all credit card information including but not limited to bills and payment records for subscription to internet or non internet-based companies allowing access to images of minors engaging in sexually explicit activities, or reflecting the purchase of or access to any material related to child pornography;

4.  Any and all computer-related documentation to include written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, software, or other related items.  In addition to passwords, to include alphanumeric strings, pass-phrases, password files, and similar decryption codes necessary to access data that is encrypted or otherwise inaccessible.

5.  Any and all security devices, to include physical keys, encryption devices, "dongles", and similar physical items needed to gain access to associated computer hardware. In addition, peripherals, equipment that send data to, or receive data from, computer hardware, but do not normally store user data, such as keyboards, mice, printers, scanners, plotters, video display monitors, modems, cables, and certain types of facsimile machines.

6.  Any and all address books, names, and lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or related to online enticement.

7.  Any and all diaries, notebooks, notes and any other electronic records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, and Section 2256 or related to online enticement.

8.  In searching the data, the computer personnel may copy all of the data contained in the computer equipment and storage devices. In doing so, the search is authorized to allow the

computer personnel to recover and examine: all images contained upon any seized device wherever they may be found, a search of unallocated spaces for images related to child pornography, a search to identify Peer-to-Peer programs, a search of terms related to child pornography, and any other search and examination that would reveal the existence of child pornography on the seized item including deleted, hidden, accessing applications (apps), and/or encrypted data. Emails, data files, and any other electronic information related to the ownership of the seized electronic media may be copied, imaged and examined during purposes of conducting the forensic examination.

9.  This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

**<u>Affidavit in Support of Application for Search Warrant</u>**

I, TFO Alison Nguyen, being duly sworn, depose and state as follows:

1.      I am a TFO with the FBI, currently assigned to the Resident Agent in Charge Office in Fayetteville, Arkansas.  I began my law enforcement career in 2013 as a police officer and have been employed as a Detective for the Benton County Sheriff's Office since April of 2016. As part of my daily duties as an investigator, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, transportation, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2251A, 2252(a) and 2252A as well as violation relating to online enticement in violation of Title 18 United States Code, Section 2422(b). I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I have also participated in the execution of numerous search warrants and arrest warrants, a number of which involved child exploitation and/or child pornography offenses.  This Affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2.      This affidavit is being submitted in support of an application for a search warrant for an Apple iPhone 13 A2482 IMEI: 350108844292216, also referred to as "**SUBJECT ITEM**". The **SUBJECT ITEM** was located and seized by Investigators on November 28, 2023, from Gabriel Perkhofer, The **SUBJECT ITEM** is currently located at the Benton County Sheriff's Office within the Western District of Arkansas.  This Affidavit does not include all of the

information known to me as part of this investigation but only information sufficient to establish probable cause for the requested search warrant.

### Statutory Authority

3.      This investigation concerns alleged violations of Title 18, United States Code, Section 2422(b), Attempted Coercion or Enticement and Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt or Distribution of Child Pornography; and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of or Access with Intent to View Child Pornography.

a)   18 U.S.C. § 2422(b) prohibits a person from using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of eighteen years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense or from attempting to do so.

b)   18 U.S.C. § 2252A(a)(1) prohibits a person from knowingly mailing, transporting, or shipping any child pornography, using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by a computer.

c)   18 U.S.C. § 2252A(a)(2) prohibits a person from knowingly receiving or distributing any child pornography or material containing child pornography using any means or facility of interstate or foreign commerce or that has been mailed, shipped, or transported in in or affecting interstate or foreign commerce by any means, including by computer.

d)   18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing  or knowingly accessing with intent to view, any book, magazine, periodical, film, video-tape, computer

2

disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

e)  The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

f)  The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

g)  The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

h)  The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

i)  The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or

picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

### **Computers and Child Pornography**

4.      As described above and in Attachment B, this application seeks permission to search for records that might be found on the **SUBJECT ITEM**, in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media.  Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

5.      *Probable cause.*  I submit that within the **SUBJECT ITEM** there is probable cause to believe records will be on the **SUBJECT ITEM** for at least the following reasons:

a.   Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does

4

not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.    Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.   In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.    Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

d.    Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

e.    The Internet allows users, while still maintaining anonymity, to easily locate other individuals with similar interests in child pornography; and websites that offer images of child pornography.  Those who seek to obtain images or videos of child pornography can use standard Internet connections, such as those provided by business, universities, and government agencies, to communicate with each other and to distribute child pornography.  These communication links allow contacts around the world as easily as

calling next door.  Additionally, these communications can be quick, relatively secure, and as anonymous as desired.  All of these advantages, which promote anonymity for both the distributor and recipient, are well known and are the foundation of transactions involving those who wish to gain access to child pornography over the Internet. Sometimes the only way to identify both parties and verify the transportation of child pornography over the Internet is to examine the recipient's computer, including the Internet history and cache to look for "footprints" of the websites and images accessed by the recipient.

f.   It should be noted that Internet Protocol (IP) numbers are unique identifiers leased to internet customers by their ISP's.  Although IP numbers are capable of changing over time, it is common for only one (1) unique IP number to be assigned to a given customer's computer at any given time. However, some IP numbers such as a Natting IP address can share multiple users at the same time, but a specific utilized telephone number can further identify them.  Logs of these leased IP's (and their assigned customer accounts) are stored by ISPs routinely.

g.   Your Affiant knows from his own experience and the training and experience of other law enforcement officers that Internet computers identify each other by an Internet Protocol or IP address.  These IP addresses can assist law enforcement in finding a particular computer on the Internet.  These IP addresses can typically lead the law enforcement officer to a particular Internet service company and that company can typically identify the account that uses the address to access the Internet.

6

6.    *Forensic evidence.*   As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the computer was used, the purpose of its use, who used it, and when it was used. There is probable cause to believe that this forensic electronic evidence will be located on the **SUBJECT ITEM** because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b.   As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information,

records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner.  Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used.  For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet.  Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation.  Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect.  For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data.  Such file data typically also contains information indicating when the file or image was created.  The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera).  The geographic and timeline information described herein may either inculpate or exculpate the computer user.  Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the

offense under investigation.  For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.   A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.  For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

## Summary of Investigation to Date

7.   On approximately November 6, 2023, Affiant was working in an undercover capacity (UC) on an operation involving chatting on social media sites for the purpose to identify and arrest persons wanting to meet with and sexually abuse children in the Northwest Arkansas area.  Affiant was utilizing an online persona that was a mother of a nine-year-old female and a four-year-old female. The site utilized describes itself as a sexual social media site.

8.   Affiant received a direct message from a user identifying himself as "Lucky Fluke".  The message stated, "Heya! How are you!? Just stumbled across your lovely profile in one of the NWA groups and your pic & enjoying open chat on the topic on either wickr, wire or session…curious if you are on any of those or got any other encrypted messengers that you're using?  I'm not from here…but I'm in the SWMO/NWA area the next couple of months.  I'd be interested in getting to know you :) Let me know how to best get in touch.  Atm, I'm mostly available online during daytime hours :)".

9.   Messages between Lucky Fluke and Affiant quickly moved to an encrypted messaging application.  During the course of our messages, Lucky Fluke was identified as Australian permanent resident Gabriel Perkhofer.  Affiant learned that Perkhofer was in the United States visiting his girlfriend Kristen Cox who lives in Cassville, Missouri,  Perkhofer identified on his travel documents (Department of Homeland Security Electronic System for Travel Authorization) that his sponsor address was 1501 Townsend St. Cassville, Missouri and that his United States contact was Kristen Cox of the same address.

10. Through the course of our conversation, Perkhofer sent Affiant two files depicting child sexual abuse material (CSAM).  The first file was an image of a nude female aged approximately six to eight years old sent on November 19, 2023.  The female was prepubescent, and the viewer could

not see the female's face.  The female was covered in a wet substance consistent with semen. Perkhofer

sent the image with a ten second timer, meaning that the image automatically deleted after ten seconds.

Affiant was not able to record the CSAM image prior to it deleting; however, the image was discussed

between the parties throughout the course of this investigation.  The second CSAM file, sent on

November 20, 2023, was a ten second video clip of a female aged approximately four to six years old

performing oral sex on an adult male's penis.  The male had his hands on the female's head forcefully

moving her head back and forth.

11. During the course of the investigation, Perkhofer described sexual acts that he wanted to

perform with Affiant's purported four- and nine-year-old daughters.    Perkhofer indicated that he

wanted to "spray" the children with cum while they slept.  There were multiple times in which sexual

desires with the children were discussed, including clitoris stimulation, digital penetration of their

vaginas, grinding, rubbing their vaginas through their panties, watching pornography as a family, and

introducing sex toys.  Perkhofer discussed his desire to utilize Affiant during his abuse of the children.

For example, he stated he wanted to use Affiant's natural lubricant as lubricant for the children.

Perkhofer mentioned wanting to take sexual photographs of the children.  The various acts Perkhofer

described would violate multiple Arkansas laws including, but not limited to, Rape, in violation of

Arkansas Code Annotated Section 5-14-103; Sexual Assault in the Second Degree, in violation of

Arkansas Code Annotated Section 5-14-125; and Engaging Children in Sexually Explicit Conduct for

Use Visual or Print Medium, in violation of Arkansas Code Annotated Section 5-27-303.

12. Perkhofer mentioned that he enjoys having sex with adult women while watching child

pornography and stated his desire to do so with Affiant.  Perkhofer also stated that he has 'friends'

around the world with similar sexual interests.  Perkhofer described a relationship he had with a

woman who enjoyed young redheaded children, and he would provide her images of a child that he

11

knew in real life.  Perkhofer did not confirm that it was child sexual abuse material that he sent, but he sent the Affiant an image of the young girl that could be described as erotic/sexual.  Perkhofer also explained he was looking for adult females with similar sexual interest as him that were local to his area.  Perkhofer would conduct this search on various social media sites.

13. On November 28, 2023, Perkhofer and Affiant spoke on the phone, and it was determined that Perkhofer was going to come meet and spend time with Affiant.  It was arranged that Perkhofer would first meet Affiant, the mom of the children, and later meet the children to continue the sexual relationship with the entire family.  Perkhofer traveled from Missouri to Bentonville, Arkansas, in a vehicle registered to Kristen Cox.  After his arrival, Perkhofer met with Affiant and was arrested for the state offenses of Internet Stalking of a Minor, §5-27-306, Class B Felony, Conspiracy to Commit Rape, Class A Felony, §5-14-103/§5-3-401, and two counts of Distributing, Possessing, or Viewing of Matter Depicting Sexually Explicit Conduct Involving a Child, Class C Felony §5-27-602.

14. On November 28, 2023, in a post-*Miranda* interview, Perkhofer acknowledged that he had been living with his girlfriend Kristen Cox at 1501 Townsend Street in Cassville, Missouri, and that he had been in the United States since mid-October 2023.   Cox's address was also located in CLEAR (open-source law enforcement tool) under Cox's profile. Perkhofer explained that he and Cox had previously shared CSAM with each other, although he denied her involvement in the offenses for which he was arrested.  Perkhofer also admitted that he had been viewing CSAM for more than twenty years.

## Conclusion

15. *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant and would authorize

a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

16. Based on the foregoing information, probable cause exists to believe there is located within the **SUBJECT ITEM**, evidence of violations and attempted violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt or Distribution of Child Pornography; and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of or Access with Intent to View Child Pornography, as well as Title 18, United States Code, Section 2242(b), Online Enticement. Your Affiant prays upon this Honorable Court to issue a search warrant for the **SUBJECT ITEM**, which is currently located at the Benton County Sheriff's Office in Bentonville, Arkansas, within the Western District of Arkansas, for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violation of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography; 2252A(a)(2), Receipt or Distribution of Child Pornography; and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of or Access with Intent to View Child Pornography and Title 18, United States Code, Section 2422(b), Attempted Coercion or Enticement.

_____
Alison Nguyen

Affidavit subscribed and sworn to before me this _____11th_____ day of December  2023.



_____
Christy Comstock
United States Magistrate Judge

13